UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:20-cv-00962-FLA<br>6:18-bk-11821-SY ; CC-20-01076 | Date | May 4, 2021 |
|---|---|---|---|
| Title | In re: Jeanette Aguilar | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| V.R. Vallery<br>Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiff:<br>Not Present | Attorneys Present for Defendants:<br>Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER REVERSING BANKRUPTCY COURT'S ORDER DENYING MOTION TO ABANDON PROPERTY AND REMANDING FOR FURTHER PROCEEDINGS**

## Ruling

Before the court is an appeal from the United States Bankruptcy Court, Case No. 6:18-bk-11821 (C.D. Cal. March 8, 2018). Jeanette Aguilar ("Aguilar" or "Appellant"), pro se, appeals the Bankruptcy Court's Order Denying Motion to Abandon the Property Known as 9069 Mandarin Lane, Riverside, CA 92508 ("Order Denying Motion to Abandon Property").

Aguilar submitted an Opening Brief on June 22, 2020. Dkt. 7 ("OB"). On July 20, 2020, Howard Grobstein, Chapter 7 Trustee ("Trustee" or "Appellee") submitted his Answering Brief. Dkt. 10 ("AB"). Aguilar filed a Reply Brief on August 7, 2020. Dkt. 11 ("RB"). The appeal was transferred to this court on December 30, 2020. The court thereafter found this matter appropriate for resolution without oral argument and vacated the hearing set for April 9, 2021. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the Order Denying Motion to Abandon Property is REVERSED and this case is REMANDED to the Bankruptcy Court for further proceedings.

## Background

On March 8, 2018, Aguilar filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. *In re: Jeanette Aguilar*, Case No. 6:18-bk-11821 (C.D. Cal. March 8, 2018), Dkt. 1. Shortly thereafter, Appellee was appointed to act as the Chapter 7 trustee for Aguilar's bankruptcy estate. Among the assets listed in Aguilar's schedule of assets and liabilities was a single-family residence located at 9069 Mandarin Lane, Riverside, California 92508 (the "Property"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-00962-FLA<br>6:18-bk-11821-SY ; CC-20-01076 | Date | May 4, 2021 |
| Title | In re: Jeanette Aguilar | | |

with a listed fair market value of $350,000, and liens of $185,000. Dkt. 9 (Excerpts of Record Volume II, "EOR Vol. II") at 191. In addition, Aguilar listed approximately $35,000 in general unsecured claims, and claimed a homestead exemption of more than $160,375 under California Code of Civil Procedure § 704.730(a)(3)(B).[1]  Id. at 189, 202.

Before listing the Property, the Trustee states he repeatedly contacted Aguilar to determine if she had a viable plan to pay creditors without requiring the sale of her Property. AB at 9. According to the Trustee, the discussions failed, and the Trustee determined he had no alternative but to market and sell the Property. Id. The Trustee entered into a listing agreement with First Team Real Estate ("First Team") to market and sell the Property for $440,000, or nearly $100,000 more than Aguilar's scheduled value. AER Vol. II at 51-89. Assuming First Team is successful in selling the Property for approximately $440,000, the Trustee states there will be sufficient funds to pay all existing secured and unsecured claims, as well as what the Trustee claims is a proper homestead exemption. AB at 9. Specifically, assuming a sales price of $440,000, after costs of sale of six percent ($26,400) and the senior lien ($185,000) are paid, there will be net sales proceeds of approximately $228,600, which would be sufficient to pay the administrative expenses of the estate, a homestead exemption, and all the secured and unsecured creditors. Id.

In the hopes the Property would not be sold, Aguilar filed a Motion to Abandon the Property Known As 9069 Mandarin Lane, Riverside, CA 92508 to the Debtor ("Motion to Abandon Property") under the "negative notice" provisions of the Local Bankruptcy Rules, which require an objecting party to request a hearing. In re: Jeanette Aguilar, Case No. 6:18-bk-11821 (C.D. Cal. March 8, 2018), Dkt. 55; Local Bank. Rules 6007-1(b). Aguilar delivered a hard copy of the Motion to Abandon Property to the clerk's office and the papers were stamped with a filed date of February 11, 2020. OB at 3; Dkt. 8 (Excerpts of Record Volume I, "EOR Vol. I") at 121. The motion, however, was not entered into the docket on the court's CM/ECF System until a week later, on February 18, 2020, and the clerk of the court corrected and initialed the filed stamped date to February 18, 2020. In re: Jeanette Aguilar, Case No. 6:18-bk-11821 (C.D. Cal. March 8, 2018), Dkt. 55. Aguilar states a copy of the Motion to Abandon Property was mailed to the parties on February 11, 2020. OB at 4-5; EOR Vol. I at 180. Trustee states neither he nor his attorney received a copy of the motion until it was entered into CM/ECF, and that Aguilar served Trustee's counsel at an old address. AB at 18-19; EOR Vol. I at 157 ¶ 3. On March 2, 2020, Trustee filed an Opposition and Request for Hearing. In re: Jeanette Aguilar, Case No. 6:18-bk-11821 (C.D.

---

[1] Although not relevant to this appeal, the Trustee disputes that Aguilar is entitled to a homestead exception in this amount. AB at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:20-cv-00962-FLA<br>6:18-bk-11821-SY ; CC-20-01076 | Date | May 4, 2021 |
|---|---|---|---|
| Title | In re: Jeanette Aguilar | | |

Cal. March 8, 2018), Dkt. 60. Aguilar filed a Declaration of Service & Non-Response on March 4, 2020. *Id.*, Dkt. 62.

On March 18, 2020, the Bankruptcy Court entered its Order Denying the Motion to Abandon Property. *In re: Jeanette Aguilar*, Case No. 6:18-bk-11821 (C.D. Cal. March 8, 2018), Dkt. 69. In full, the Bankruptcy Court found:

> The debtor in this case filed a Motion to Abandon the Property Known as 9069 Mandarin Lane Riverside CA 92508 to the Debtor ("Motion") on February 18, 2020 at Docket No. 55 under Local Bankruptcy Rule 9013-1(o). The chapter 7 trustee, Howard B Grobstein, timely filed an opposition to the Motion and request for hearing on March 2, 2020 at Docket No. 60. Despite this timely opposition, the debtor filed a Declaration of Service & Non-Response on March 4, 2020 at Docket No. 62, falsely stating that an opposition had not been filed. As a result, the court returned the debtor's proposed order on March 5, 2020 and directed the debtor to set the Motion for hearing in accordance with Local Bankruptcy Rule 9013-1(o)(4).
>
> The debtor failed to set the Motion for hearing as directed by the court. Instead, the debtor delivered an ex parte document to the court stating that the court had not reviewed the record in this case prior to rejecting the debtor's proposed order. The court has reviewed the Motion and the record in this case, and for good cause appearing, and due to the failure of the debtor to properly prosecute the Motion by setting it for hearing as required under Local Bankruptcy Rule 9013-1(o), IT IS ORDERED that the Motion is denied.

*Id.*

The sole issue on appeal is whether this denial of Aguilar's Motion to Abandon Property was proper.[2]

---

[2] Aguilar erroneously identifies the issues on appeal as (1) "Has the property at 9069 Mandarin Ln Riverside Ca 92508 been abandoned to the debtor under LBR 6007-1(d)(1)"; (2) "Is there any law or code that requires the attorney of the Trustee to be served with documents as opposed to the Trustee"; (3) "Is there any law or code that requires that "Only" the attorney of the Trustee must be served with documents to effectuate service under LBR 6007-1(c)(2) the parties to be served are those listed in FRBP 6007(a)"; (4) "When is a document deemed "Filed"; and (5) "Is a change of address only effective upon notice under LBR 2091-1(f)."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:20-cv-00962-FLA<br>6:18-bk-11821-SY ; CC-20-01076 | Date | May 4, 2021 |
| --- | --- | --- | --- |
| Title | In re: Jeanette Aguilar | | |

/ / /

/ / /

## Discussion

### I.   Legal Standard

A district court has jurisdiction to hear appeals from final judgments, orders, or decrees of the bankruptcy court.  28 U.S.C. § 158(a).  When reviewing decisions of a bankruptcy court, district courts apply the same standards of review that courts of appeals use when reviewing district court decisions.  See In re Baroff, 105 F.3d 439, 441 (9th Cir. 1997); see also In re Fields, 2010 WL 3341813, *2 (E.D. Cal. 2010) ("A district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions.") (citation omitted).  Thus, a bankruptcy court's conclusions of law are reviewed de novo, and findings of fact are reviewed for clear error.  Zurich Am. Ins. Co. v. Int'l Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007).  "Mixed questions of law and fact are reviewed de novo." Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1140 (9th Cir. 1998).

### II.   Analysis

An order compelling the case trustee to abandon property of the debtor's estate may be obtained upon the debtor's motion, which must give notice of the opportunity to request a hearing pursuant to LBR 9013-1(o).  LBR 6007-1(b).

> Notice of … [a] motion to compel abandonment must (a) describe the property to be abandoned, including the address of the property, if applicable; (b) state the basis upon which the party seeking abandonment concludes that the property is burdensome to the estate or that it is of inconsequential value or benefit to the estate; and (c) state that any objection and request for hearing must be filed and served not more than 14 days after service of the notice, unless the notice specifies a longer period or unless otherwise ordered by the court.

Id. 6007-1(c)(1).  "If no timely objection and request for hearing is filed and served, the property is deemed abandoned without further order of the court." Id. 6007-(d)(1).

Local Bankruptcy Rule 9013-1(o)(4) further provides: "If a timely response and request for hearing is filed and served, within 14 days from the date of service of the response and request for hearing the moving party must schedule and give not less than 14 days notice of a hearing to those responding and to the United States trustee.  If movant fails to obtain a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-00962-FLA<br>6:18-bk-11821-SY ; CC-20-01076 | Date | May 4, 2021 |
| Title | In re: Jeanette Aguilar | | |

hearing date, the court may deny the motion without prejudice, without further notice or hearing." LBR 9013-1(o)(4) (emphasis added).

Here, the Bankruptcy Court found the Trustee filed a timely response to Aguilar's Motion to Abandon Property and denied her motion under Local Bankruptcy Rule 9013-1(o)(4) when she did not set a hearing date. Aguilar disputes the timeliness of the Trustee's opposition, arguing Trustee was properly served on February 11, 2020 when she mailed the papers to his identified address of 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406. OB at 4-6; see also LBR 6007-1(c)(1) (requiring an objection and request for hearing to be filed not more than 14 days after service of the notice of a motion to compel abandonment); id. 9013-1(o)(1)(A)(ii) (same). Thus, according to Aguilar, the Trustee is automatically deemed to have abandoned the Property. See LBR 6007-1(d)(1). The Trustee responds that service was improper because his attorney was served the notice and motion at an old address, and that it was not until the Motion to Abandon Property was docketed on February 18, 2020 that Trustee and his counsel first became aware of it. AB 18-19.

On de novo review of this mixed question of fact and law, the court agrees with Appellant Aguilar that the Trustee did not file a timely objection. Pursuant to Fed. R. Civ. P. 5(b)(2)(C) and Fed. R. Bank. P. 9006(e), service is completed upon mailing. Based on a mailing date of February 11, 2020, the Trustee's objection was due seventeen days later, on February 28, 2020. See EOR Vol. I at 180; LBR 6007-1(c)(1); Fed. R. Bankr. P. 9006(f) (adding three days to the response period for service by mail). Although the Trustee maintains he was not served at the correct address, he does not present evidence that he filed and served notice of the change of address as required under LBR 2091-1(f), or that his office notified Aguilar of the change of address.

The court further notes that all prior filings in the Bankruptcy Court by the Trustee, as well as subsequent filings including the Opposition and Request for Hearing, list the allegedly incorrect address on the first page as the Trustee's attorney's address. See In re: Jeanette Aguilar, Case No. 6:18-bk-11821 (C.D. Cal. March 8, 2018), Dkts. 48, 52, 60. Pursuant to Fed. R. Civ. P. 5(b)(2)(C), service is proper when papers are mailed to the person's "last known address." As Aguilar served the Trustee's attorney at the address listed on the first page of his filings and Trustee does not submit any evidence to demonstrate Aguilar was given notice of a change of address, the court finds Trustee was properly served by mail on February 11, 2020, his objection was due February 28, 2020, and, as a result, his March 2, 2020 objection was not timely filed. See LBR 6007-1(c)(1); id. 9013-1(o)(1)(A)(ii).

As there was no timely objection filed, the Bankruptcy Court's order to Aguilar to schedule and give notice of a hearing was clear error, and the Bankruptcy Court should have addressed the Motion based on the filing of an untimely objection. Accordingly, the denial of Appellant Aguilar's Motion to Abandon Property on the grounds that she did not comply with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:20-cv-00962-FLA<br>6:18-bk-11821-SY ; CC-20-01076 | Date | May 4, 2021 |
|---|---|---|---|
| Title | In re: Jeanette Aguilar | | |

Local Bankruptcy Rule 9013-1(o)(4) was improper.   The court expresses no opinion on whether Aguilar complied with all notice requirements of Local Bankruptcy Rule 6007-1(c) or whether the Property is deemed abandoned under Local Bankruptcy Rule 6007-1(d).

/ / /

**Conclusion**

     For the reasons discussed above, the court REVERSES the Bankruptcy Court's Order Denying Motion to Abandon Property and REMANDS this matter to the Bankruptcy Court for further proceedings consistent with this ruling.

     IT IS SO ORDERED.

                                                                                     :

Initials of Preparer   vrv

cc:  Bankruptcy Court